UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
COLLIGNON, Daniele (A14-885-673),

                        **Plaintiff,**                        Civ. No. 07 CV 6171 (GBD)

    - against -                                           ECF Case

**ANDREA QUARANTILLO,**                      **COMPLAINT**
**New York District Director of the United**
**States Citizenship and Immigration Services;**

                        **Defendant.**
------------------------------------------------------------X

      Plaintiff, Ms. Daniele Collignon ("Ms. Collignon"), by her attorneys, BRETZ & COVEN, LLP, hereby alleges, upon information and belief as follows:

## I. INTRODUCTION

    1.    This is a civil action brought by the Plaintiff, to compel the Defendant and those acting under her to take action on a naturalization appeal (Form N-336) that was filed on behalf of Ms. Collignon, with the United States Citizenship and Immigration Services ("USCIS") on or about April 9, 2004, and on which the Defendant and those acting under her have failed to take action.

## II. JURISDICTION

    2.    This Court has jurisdiction pursuant to INA § 336(b), 8 U.S.C, §1447(b) because the USCIS failed to make a determination regarding Ms. Collignon's naturalization application within 120 days after the date of her naturalization appeal examination.

    3.    This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331

(federal subject matter jurisdiction) in conjunction with the Administrative Procedure Act ("APA") (5 U.S.C. § 555(b)), and the Immigration Nationality Act ("INA") and regulations implementing it (Title 8 of the C.F.R.).

4. Under 28 U.S.C. § 1331, "(t)he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." There is jurisdiction under 28 U.S.C. § 1331 because this action arises under the APA (5 U.S.C. § 555(b) and 5 U.S.C. § 702), and the INA and regulations implementing it (Title 8 of the C.F.R.).

5. The APA requires the USCIS to carry out its duties within a reasonable time. The provision of the APA that provides this is 5 U.S.C. § 555(b), which states that "(w)ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." The USCIS is subject to 5 U.S.C. § 555(b). Ms. Collignon contends that the delay in processing her appeal is unreasonable.

6. Both the regulations and INA provide numerous examples of duties owed by the USCIS in the application for naturalization process. 8 U.S.C. § 1103 states that "[t]he Attorney General *shall* be charged with the administration and enforcement of this chapter and all other laws relating to the immigration and naturalization of aliens." (Emphasis added.) The Code of Federal Regulations further provides that "[a] decision to grant or deny the application *shall* be made at the time of the initial examination or within 120-days after the date of the initial examination of the applicant for naturalization under § 335.2," 8 C.F.R. § 335.3 (emphasis added); and, most importantly, that "[t]he applicant *shall* be notified that the application has been granted or denied and, if the application has been granted, of the procedure to be followed for the administration of the oath of allegiance pursuant to part 337 of this chapter," 8 C.F.R. § 335.3

(emphasis added). The language of the statute and the regulations are mandatory, not discretionary, and requires the defendant to adjudicate the application for naturalization.

### III. VENUE

7. Venue of this action is proper under INA § 336(b), 8 U.S.C, §1447(b). Ms. Collignon is filing the Complaint in the district in which she resides.

### IV. PARTIES

8. Plaintiff, Ms. Collignon, is a native and citizen of France. Ms. Collignon applied for naturalization (on Form N-400) on or about August 31, 2001. Her application was denied on March 11, 2004. She appealed the denial of her application (on Form N–336) on or about April 9, 2004. On September 8, 2004, Ms. Collignon appeared for her Naturalization Appeal Interview, and on September 10, 2004, she was fingerprinted. Since then, the USCIS has not provided the Plaintiff or her attorneys with any specific information regarding the status of her appeal.

9. Defendant Andrea Quarantillo is sued in her official capacity. She is the New York District Director of the USCIS. As such, she is the Department of Homeland Security's ("DHS") designate for the New York District, charged with the duty of administration and enforcement of all the functions, powers, and duties of the USCIS.

### V. FACTS

10. Ms. Collignon is a native and citizen of France. She was born on July 31, 1942. She first entered the United States on or around May 20, 1967, as a lawful permanent resident.

11. On October 26, 1973, Ms. Collignon pled guilty to narcotics conspiracy and was placed on probation for three years, which she completed successfully. This is her only arrest in

the 40 years she has been in the United States.

12. On August 31, 2001, Ms. Collignon filed Form N-400, Application for Naturalization. At that time, it had been over 28 years since Ms. Collignon's conviction.

13. On June 19, 2002, Ms. Collignon was interviewed on her N-400 application by District Adjudications Officer ("DAO") Veersammy. Among the evidence of good moral character Ms. Collignon submitted in support of her application was: a lack of any other arrests; a letter from John P. Cooney, the Assistant United States Attorney who prosecuted her case in 1973, stating that Ms. Collignon's participation in the narcotics conspiracy resulted from her involvement with an emotionally and economically controlling romantic partner; evidence of Ms. Collignon's nearly 40-year employment history; numerous reference and character letters; and proof of filing taxes.

14. On March 11, 2004, the DHS rendered a decision denying her naturalization application without prejudice. The sole basis for denial was an alleged lack of good moral character based on Ms. Collignon's 1973 conviction.

15. On April 9, 2004, Ms. Collignon appealed the naturalization denial, submitting Form N-336. In her appeal, Ms. Collignon noted that the evidence presented at the interview demonstrated her good moral character in the five years preceding filing her naturalization application and her present good moral character. Pursuant to C.F.R. §316.10(a)(2), USCIS may review conduct outside the five-year statutory period only *if*, "the conduct of the applicant during the statutory period does not reflect that there has been a reform of character from an earlier period." In other words, there must be a "trigger" within the five-year statutory period that initiates an inquiry into conduct before that period. Ms. Collignon noted in her appeal that no

such trigger existed in her case. She was fully rehabilitated in every sense.

16. On September 8, 2004, Ms. Collignon appeared before DAO Feregas for her Naturalization Appeal Interview. At the end of the interview, USCIS reserved decision.

17. On September 10, 2004, Ms. Collignon was fingerprinted.

18. Since completing the interview and fingerprinting, Ms. Collignon and her attorneys have made numerous attempts to inquire into the status of her naturalization appeal.

19. On March 7, 2005, Ms. Collignon's counsel sent a letter to DAO Feregas asking to be advised of the current status of the case. Ms. Collignon's counsel sent similar letters to DAO Feregas on April 19, 2005, June 1, 2005, July 25, 2005, September 9, 2005, October 12, 2005 and October 27, 2005.

20. On December 15, 2005, Ms. Collignon's counsel sent a letter to Rose Chapman, Chief of the Naturalization Section, asking to be advised of the current status of Ms. Collignon's case. Ms. Collignon's counsel sent similar letters to Ms. Chapman on January 4, 2006, June 8, 2006, September 14, 2006, and April 4, 2007.

21. In addition, Ms. Collignon herself sent letters directly to Officer Feregas on February 6, 2006 and March 15, 2006, asking to be advised on the case status, and to Ms. Chapman on June 9, 2006 and September 18, 2006, asking that her file be reviewed.

22. As of June 18, 2007, USCIS has yet to take any action on Ms. Collignon's naturalization appeal and has not provided Ms. Collignon or her attorneys with any information regarding the status of her case.

**FIRST CAUSE OF ACTION**

(USCIS Has A Duty To Make A Decision Concerning Ms. Collignon's Naturalization Appeal)

23. The allegations contained in paragraphs 1 through 22 above are repeated and realleged as though fully set forth herein.

24. Defendant has willfully and unreasonably delayed and refused to take action on Ms. Collignon's naturalization appeal.

25. Defendant owes Ms. Collignon a duty to act upon her naturalization appeal. Defendant is required pursuant to INA § 336(b), 8 U.S.C, §1447(b) to make a decision on such applications within 120 days from the day of an interview. Ms. Collignon appeared for her naturalization appeal interview on September 8, 2004. The Defendant owes Ms. Collignon a duty to act upon this application within 120 days.

26. The duty to render a decision on Ms. Collignon's naturalization application is a nondiscretionary one. The duty can be compelled by this Court and is permitted by INA § 336(b), 8 U.S.C, §1447(b) .

27. Defendant's failure to take action on Ms. Collignon's application for naturalization is in violation of the INA and the APA.

28. By making multiple follow-up inquiries on the status of her appeal, Ms. Collignon has exhausted any administrative remedy that is available to her. No other remedy exists to resolve Defendant's delay and refusal to rule on Ms. Collignon's application.

## SECOND CAUSE OF ACTION

(*De Novo* Review of Ms. Collignon's Naturalization Application)

29. The allegations contained in paragraphs 1 through 28 above are repeated and realleged as though fully set forth herein.

30. Pursuant to INA § 336(b), 8 U.S.C, §1447(b), "if there is a failure to make a

determination [after a hearing has been conducted to assess whether an application for naturalization was properly denied] before the end of the 120-day period, after the date on which the examination is conducted . . . the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter."

31. Over 120 days have passed since Ms. Collignon's September 8, 2004 interview.

32. Accordingly, if the Court will not remand for USCIS to render a decision on Ms. Collignon's naturalization application, then, Ms. Collignon requests, in the alternative, a *de novo* review of her application for naturalization.

33. According to INA § 316, a naturalization applicant must demonstrate: (1) lawful permanent resident status for at least five years; (2) that she has not abandoned her United States domicile, and (3) that she has been a person of good moral character for a period of time beginning five years prior to the day she files her naturalization application. Ms. Collignon meets all of the requirements for naturalization.

34. Ms. Collignon's 1973 conviction has no impact on her moral character in the five years prior to filing her naturalization application on August 31, 2001, or on her present moral character because it falls outside the five year good moral character requirement, and she has had no trouble with the law other than her arrest leading to the 1973 conviction.

35. Because there was every indication that Ms. Collignon has rehabilitated, considering her 1973 conviction was improper pursuant to 8 C.F.R. § 316.10(a)(2).

36. Upon *de novo* review of her application, Ms. Collignon should be granted naturalization.

**WHEREFORE,** and in light of the foregoing, Plaintiff, Daniele Collignon, prays that the Court:

    A.    Assume jurisdiction herein;

    B.    Compel the Defendant and those acting under her to perform their duty to render a decision on Ms. Collignon's naturalization appeal; or in the alternative,

    C.    Engage in a *de novo* review of Ms. Collignon's naturalization appeal;

    D.    Grant attorney's fees and costs of court; and

    E.    Grant such other and further relief as the Court deems appropriate and just.

Dated: New York, New York  
       July 2, 2007

Respectfully submitted,

BRETZ & COVEN, LLP  
305 Broadway, Suite 100  
New York, NY 10007  
(212) 267-2555

By:_____  
Amanda Gray (AG 4343)

## VERIFICATION

Amanda Gray, under penalty of perjury, states the following:

1. That I am an attorney admitted to practice before this Court. I am employed by Bretz and Coven, LLP, the attorneys for the Plaintiff in the foregoing Complaint.

2. I affirm the truth of the contents of the foregoing Complaint upon information and belief. The sources of my information and belief are documents provided to me by, and conversations with, the Plaintiff.

Dated:    New York, NY
          July 2, 2007

_____
Amanda Gray (AG 4343)